NETTLETON, Guardian, *Ex parte.**

The Court cannot refuse a guardian's claim for services, because he does not show that he has not used the money in his hands.

*Wednesday, June 2.*

APPEAL from the *Posey* Court of Common Pleas.

DAVISON, J.—*Nettleton* as guardian, &c., on the 4th of *March*, 1857, made his report to the Common Pleas, thereby showing a balance of 8,273 dollars in his hands belonging to his ward, which report, with the exception of one voucher embracing the charge of the guardian for services, was confirmed. The voucher disallowed by the Court is as follows:

"Number 4. *Hudson T. Parke*,

"To *Nelson G. Nettleton*, Dr.

"To administering the estate and superintending the education of said *Parke*, my ward, from the first of *September*, 1855, to *March* the first, 1857—eighteen months, at 50 dollars per year, - - $75 00

"*N. G. Nettleton.*"

"Subscribed and sworn to before me this 5th day of *March*, 1857. *T. Nelson*, Clerk."

The record says that the Court refused to allow the

---

* Two other cases with the same title, and precisely like this were decided this day.

voucher, because the guardian does not show that the above balance of 8,273 dollars was not used by himself.

We have a statute which enacts that every guardian shall be allowed by the Court settling his accounts, the amount of all his reasonable expenses incurred in the execution of the trust, and also such compensation for his services as the Court shall deem reasonable. 2 R. S. p. 328, § 25.

Thus, it will be seen, that the Court is in duty bound to allow the guardian some compensation; and we are not advised of any rule of law that requires him, upon his application for such allowance, to show that the money which he reports to be in his hands was not used by himself. True, a claim for services, presented by the guardian, so far as the Court may deem it unreasonable, when compared with the services actually performed, should be refused; but its refusal for the reason stated in the record, is not a correct exposition of the law.

There is a bill of exceptions which contains the evidence in the case. It was clearly proved that 75 dollars was not an over-estimate of the guardian's services; and in our opinion he was entitled to that amount of compensation.

Whether a guardian who has used in his own private business his ward's money, is liable for interest, or otherwise liable, are questions not before us.

*Per Curiam.*—The order of the Court refusing the above voucher is reversed. Cause remanded, &c.

*A. P. Hovey*, for the appellant.